IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TROY YATES, MIKE WILLS, and OTHER SIMILARLY SITUATED INDIVIDUALS<br><br>    *Plaintiffs*,<br><br>    v.<br><br>H&M INTERNATIONAL TRANSPORTATION INTERNATIONAL, INC., DAVE TURBYFILL, and other UNNAMED PERSONS<br><br>    *Defendants*. | No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AT LAW**

Plaintiffs Troy Yates and Mike Wills, for themselves and all other persons similarly situated, complain of defendant H&M International Transport ("H&M" or the "Company") as follows.

**NATURE OF THE CASE**

1. This is an employment discrimination case, brought pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981") and 42 U.S.C. § 1985 ("Section 1985"). Plaintiffs allege that defendant H&M has engaged in, and continues to engage in, a company-wide pattern and practice of employment discrimination, both intentional and systemic, on the basis of race against themselves and a class of similarly situated African American employees, former employees, and applicants for employment as alleged in this Complaint. Plaintiffs further allege that Defendants have engaged in a conspiracy to engage in, and continue to engage in a scheme to unlawfully deprive Plaintiffs and other similarly situated African-Americans equal protection under the law by their pattern and practice of employment discrimination. H&M's discriminatory practices include, but are not limited to, discrimination in recruitment and hiring on a class-wide basis as alleged in this Complaint. Plaintiffs seek declaratory, injunctive, and equitable monetary relief from these practices; compensatory and punitive damages; equitable remedies of accounting, restitution and

disgorgement; and an award of costs, expenses, and attorneys' fees; all for themselves individually and on behalf of the class or classes they seek to represent.

## JURISDICTION AND VENUE

2. Jurisdiction. This Court has original jurisdiction of Plaintiffs' Section claims pursuant to 28 U.S.C. §§1331 and 1343(a)(4).

3. Venue. Venue is proper in this District pursuant to 28 U.S.C. §1391(c). H&M is subject to personal jurisdiction in this District in that it maintains facilities and business operations in this District, employs or employed Plaintiffs and members of the class in this District, and committed some of the discriminatory acts alleged herein in this District.

## PARTIES

4. The named plaintiffs are African-American and are current and former employees, of defendant H&M.

5. Plaintiff, Troy Yates, is an African-American male who was employed by H&M from 2015 to early 2016.

6. Plaintiff, Mike Wills, is an African-American male who was hired by H&M in September 2014 and is still a current employee.

7. Defendant H&M International Transport ("H&M") is a New Jersey corporation doing business in Chicago, Illinois at "LANDERS Norfolk Southern Railroad" 2543 W. Columbus Drive.

8. Defendant Dave Turbyfill was, at all times relevant, a supervisory employee at H&M who was responsible for hiring practices at H&M's Columbus Drive location.

9. Unknown Defendant Officers and Directors of H&M, at all times relevant, had knowledge of the longstanding scheme at the LANDERS Norfolk Southern Railroad location to require African-American applicants to pay money to receive employment. Each unknown Defendant Officer and Director conspired with the named Defendants to continue the unlawful employment practice and/or failed to correct it.

## FACTS RELATING TO THE PATTERN OF INTENTIONAL AND SYSTEMIC DISCRIMINATION BY DEFENDANTS

10. Defendant H&M's employment practices and systems discriminate against African-American employees and applicants for employment, because of their race. The discriminatory practices engaged in by H&M are

intentional and systemic in nature, and adversely affect plaintiffs and members of the class with respect to opportunities for hiring, and other terms and conditions of employment, as specifically summarized below.

11. For a period beginning at the latest, 2011, H&M's agents and/or employees created a practice by which African-American males were charged varying amounts of money from $1,000 to $2,500 to gain employment in entry level positions.

12. Upon information and belief, at the time, the supervisor in charge of hiring, Matt Hamilton, would obtain cash payments from potential applicants in order to process them for hire.

13. After the individuals were hired, they would be allowed to work for eighty-nine days, one day shy of the ninety days required to become a union member, and gain the protections allowed union members.

14. Prior to each individual's ninetieth workday, he was terminated.

15. Upon information and belief, H&M became aware of this scheme and reassigned Mr. Hamilton.

16. At some point thereafter, upon information and belief, prior to September 2014, a new Assistant Terminal Manager, David Turbyfill, began the same process except to the extent the paying applicants were not terminated prior to their ninetieth workday.

17. Specifically, with respect to Plaintiff Yates, in December 2014, Mr. Gartnez Lowe, approached Mr. Yates in the vicinity 79th and Bishop in Chicago, Illinois. Mr. Lowe brought several H& M applications with him.

18. Mr. Lowe invited Mr. Yates and three other individuals who were present to apply for employment. Aside from Mr. Yates, the three other men had relevant work experience.

19. At the time, Mr. Lowe told the group that he could get them employed at H&M and that Mr. Turbyfill required a $1,000.00 payment to get the job. Mr. Lowe required a $500.00 deposit along with the application and the remaining $500.00 to be due upon the start date.

20. Mr. Yates turned in his application and $500.00 payment to Mr. Lowe one week before Christmas 2014. Mr. Lowe traveled to Mr. Yates' grandmother's house to collect the payment and application.

21. Approximately one week later, Mr. Yates was contacted by Andy LNU and instructed to report for a drug test and physical. Mr. Yates reported for work at H&M on January 6, 2015 without ever having an interview.

3

22. None of the other individuals who applied with Mr. Yates paid Mr. Lowe, and none were hired despite being qualified.

23. Ultimately, after Mr. Yates complained about the unlawful employment practice of requiring African-Americans to pay for employment, he was terminated from H&M. He timely filed a claim of retaliation at the EEOC that is currently pending.

24. Similarly, Plaintiff Wills also met a man, not an H&M employee, but an acquaintance of Mr. Turbyfill, on the south side of Chicago in late summer 2014.

25. That unknown individual informed Mr. Wills that if he provided him with $2000.00, he could get him a job at H&M.

26. Mr. Wills provided the money and his application and was later contacted by H&M to report for a physical.

27. Mr. Wills was then hired with no further application and started at H&M on September 24, 2014.

28. No non-African-Americans have been required to submit payments to gain employment at H&M.

29. Plaintiffs bring their claims under Section 1981 and Section 1985 as a class action pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated, as more specifically described below.

30. The plaintiffs seek to represent a class, of which they are members, consisting of African-American employees and applicants from August 2014-present.

31. The named class representatives and the class defined above meet the requirements of Rule 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure for certification of this case as a class action for the reasons stated below:

**COUNT I- VIOLATION OF 42 U.S.C. §1981**

32. Plaintiffs repeat and reallege and incorporate by reference the allegations set forth in paragraphs 1-29 as though fully set forth herein.

33. Defendants' discrimination against Plaintiffs, and the members of the class, is in violation of the rights of plaintiffs and the class afforded them by the Civil Rights Act 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991.

34. By the conduct described above, Defendants intentionally deprived the above-named African-American members of the class of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual employment relationship with H&M, in violation of 42 U.S.C. §1981.

35. As a result of Defendants' discrimination in violation of Section 1981, the plaintiffs and members of the class have been denied employment opportunities providing substantial compensation and benefits, thereby entitling them to injunctive and equitable monetary relief; and have suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling them to compensatory damages.

36. In its discriminatory actions as alleged above, Defendants have acted with malice or reckless indifference to the rights of the above-named African-American plaintiffs and class members, thereby entitling them to an award of punitive damages.

37. To remedy the violations of the rights of plaintiffs and the class secured by Section 1981, plaintiffs request that the Court award them the relief prayed for below.

**COUNT II- VIOLATION OF 42 U.S.C. §1985**

38. Plaintiffs repeat and reallege and incorporate by reference the allegations set forth in paragraphs 1-29 as though fully set forth herein.

39. As set forth above, Defendant employees of H&M and unnamed co-conspirators, non-employees of H&M engaged in a conspiracy to deny African-American applicants and employees equal rights under the law.

40. Defendants acted in furtherance of this conspiracy by charging African-Americans money to obtain jobs while non-African-Americans were not required to pay for such jobs.

41. As such, Defendants have violated rights guaranteed Plaintiffs by 42 U.S.C. §1985 through a conspiracy to deny Plaintiffs equal employment under the law.

42. The conspiracy has injured Plaintiffs.

**COUNT III—VIOLATION OF 42 U.S.C. § 1986**

43. Plaintiffs repeat and reallege and incorporate by reference the allegations set for in paragraphs 1-28 as though fully set forth herein.

44. All currently unnamed Officers and Directors of H&M, had knowledge of the scheme by Defendant Turbyfill, and other unnamed co-conspirators to deprive Plaintiffs of equal rights under the law.

45. The currently unnamed Officers and Directors of H&M neglected to prevent Defendant Turbyfill from denying Plaintiffs equal rights in their employment relationship with H&M and in so doing, are liable to Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request this Court:

46. Certify a class defined as all African-American applicants and/or employees who sought or gained employment at H&M from August 2014-present who either paid, or were asked to pay, monies in return for employment at H&M; and, certify named plaintiffs and their attorneys as representatives of the class pursuant to Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure;

47. Award compensatory and general damages, in an amount to be proven at trial, against Defendant H&M and against each of the individual defendants sued in his or her personal capacity;

48. Award Plaintiffs reasonable attorneys' fees and costs under 42 U.S.C.§ 1988; and

49. Grant any other relief the Court deems necessary and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

/s/ *James L. Bizzieri*
Attorney for Plaintiffs


James L. Bizzieri (6284686)
Attorney for Plaintiffs
Bizzieri Law Offices, LLC
10258 S. Western Ave., Suite 210
Chicago, IL  60643
773-881-9000